IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 10, 2018

**BRUCE M. VANN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-16-214     Donald H. Allen, Judge**

**No. W2017-02194-CCA-R3-PC**

The Petitioner, Bruce Marvin Vann, appeals from the Madison County Circuit Court's denial of his petition for post-conviction relief. The Petitioner contends that his trial counsel was ineffective for failing to call "alibi" witnesses during trial. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Bruce M. Vann.

Herbert Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Jody S. Pickens, District Attorney General; and Alfred Lynn Earls and Shaun A. Brown, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

**FACTUAL BACKGROUND**

The Petitioner was convicted of three counts of rape of a child. See State v. Bruce Marvin Vann, No. W2014-02119-CCA-R3-CD, 2015 WL 5096355, at *1 (Tenn. Crim. App. Aug. 28, 2015). The trial court imposed sentences of thirty-five years for each conviction and ordered the sentences to run concurrently for a total effective sentence of thirty-five years to be served at 100 percent. Id. The Petitioner appealed to this court, contending that the evidence was insufficient to sustain his convictions and that the prosecutor committed misconduct during his closing argument. Id. This court affirmed the judgments of the trial court on August 28, 2015. Id.

As pertinent to our review, in August 2013, the Petitioner raped his eleven-year-old step-daughter, D.H., while her mother was at work. Id.

> D.H. testified at trial that on August 31, 2013, the [Petitioner] woke her up and took her to his bedroom. Once the [Petitioner] shut the door, he touched the outside and inside of her "private part" with his fingers and his tongue. The [Petitioner] then put his "private part" inside her "private part." D.H. testified that the [Petitioner] did not threaten her, but he did hold her down during the attack. When he was finished, the [Petitioner] took a shower. D.H. testified that she stayed in the bedroom for a few minutes and went back to the living room while the [Petitioner] was showering. D.H. further testified that she thought her brothers were asleep and that she did not "call out for" them while the [Petitioner] was raping her. Id.

The victim did not tell anyone about the rape for a few days, but instead wrote a note that was eventually given to her mother disclosing that she and the Petitioner had sex. Id. at *2. The victim's mother took her to the emergency room to be examined on September 5, 2013. Id. at *3. The doctor did not use a rape kit on the victim because six days had passed, but the victim had a gynecological exam and was tested for sexually transmitted diseases. Id. She tested positive for trichomoniasis, which the doctor testified can only be transmitted to a female through vaginal intercourse. Id. In addition, the doctor explained that an infected person would show symptoms within a few days of contracting the infection. Id. The Petitioner was also taken to the hospital, and he tested positive for trichomoniasis. Id. The Petitioner's nurse further testified that sexual contact was the only way she believed the disease could be transmitted. Id. The victim's mother testified that she also tested positive for trichomoniasis. Id. at *4. Based upon the evidence, the Petitioner was found guilty of three counts of rape of a child. Id. at *1.

Following his unsuccessful direct appeal, the Petitioner filed a timely petition for post-conviction relief, alleging that his trial counsel was ineffective because he failed to present "alibi" witnesses to show that the victim was not home on the night of the incident. At the evidentiary hearing on October 11, 2017, the Petitioner's trial counsel testified that he had subpoenaed the victim's grandmother to trial because there was a possibility, according to the Petitioner, that the victim was staying at her grandmother's house on the night of the offenses. According to trial counsel, the grandmother said that it was untrue that the victim was staying with her on the night of the offenses and that she was unwilling to help the Petitioner.

In addition, trial counsel testified that the victim's grandfather was also subpoenaed to trial, but trial counsel believed the grandmother was the only one actually served. Trial counsel did not disclose to the judge that a potential witness was missing because he felt that the grandfather would not provide him with any different

information. Trial counsel further explained that in addition to the fact that the witnesses denied hosting the victim on the night of the offenses, the Petitioner also failed to indicate in his written statement to police that the victim was away from home that night. Furthermore, the Petitioner testified at trial that "there was nothing out of the ordinary" on the night of the offenses and that "all of the kids went to bed as usual." After addressing the issues raised at the evidentiary hearing, trial counsel further testified that he did not know of anything he could have done differently regarding those issues that would have made a difference to the Petitioner's defense.[1]

The witnesses in question did not testify at the evidentiary hearing, and the Petitioner himself did not testify regarding this issue.[2] After hearing proof, the post-conviction court denied his petition for post-conviction relief. The post-conviction court found that the Petitioner failed to prove his allegations in his petition with clear and convincing evidence. The advice given and services rendered by the Petitioner's trial counsel were competent, and the Petitioner failed to show that his attorney's performance was deficient or that the alleged deficiency prejudiced him. The post-conviction court also credited trial counsel's testimony that he "did everything within his power to represent [the Petitioner] properly at the trial and on appeal." Because the Petitioner failed to meet his burden of proof, his petition was denied. The Petitioner now appeals to this court.

## ANALYSIS

The Petitioner contends his trial counsel was ineffective for failure to investigate and call potential "alibi" witnesses in his defense. The Petitioner argues that trial counsel never interviewed the victim's grandfather as a potential "alibi" witness and failed to question the victim's grandmother as an "alibi" witness until the day of court. The Petitioner argues that trial counsel's failure to investigate and call the "alibi" witnesses prevented him from proving that the victim was not home the night of the offenses. The State responds that the post-conviction court did not err in denying his petition.

The burden in a post-conviction proceeding is on the petitioner to prove his allegations of fact supporting his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); see Dellinger v. State, 279 S.W.3d 282, 293-4 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. Id.

---

[1] The Petitioner raised other issues regarding ineffective assistance of counsel at the post-conviction hearing, but only the claim regarding the failure to call and investigate alibi witnesses was raised on appeal.

[2] The Petitioner did testify regarding a motion to recuse at the post-conviction hearing.

However, we review the post-conviction court's application of the law to its factual findings de novo with no presumption of correctness. Id. at 457.

Post-conviction relief is available when a "conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. Criminal defendants are constitutionally guaranteed the right to effective assistance of counsel. Dellinger v. State, 279 S.W.3d 282, 293 (Tenn. 2009) (citing U.S. Const. amend. VI; Cuyler v. Sullivan, 446 U.S. 335, 344 (1980)). When a claim of ineffective assistance of counsel is made under the Sixth Amendment to the United States Constitution, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72 (1993).

Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness," despite the fact that the reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 688-89. Prejudice requires proof of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "Because a petitioner must establish both prongs of the test, a failure to prove deficiency or prejudice proves a sufficient basis to deny relief on the ineffective assistance claim." Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). The Strickland standard has been applied to the right to counsel under article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

In the present case, the Petitioner argues that his trial counsel was ineffective for not adequately investigating and presenting "alibi" witnesses to prove that the victim was not home the night of the offenses. However, the "alibi" witnesses in question were not presented and did not testify at the evidentiary hearing. It is well-established that "[w]hen a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." Black v. State, 749 S.W.2d 752, 757 (Tenn. Crim. App. 1990). "This is the only way the petitioner can establish that . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." Because the Petitioner did not present these witnesses at the post-conviction hearing, he failed to show that he was prejudiced by trial counsel's performance. Furthermore, the post-conviction court credited trial counsel's testimony that the "alibi" witnesses would not have testified favorably in support of the Petitioner's defense.

Additionally, the Petitioner claims that his trial counsel should have filed a notice of an alibi defense under Rule 12.1 of the Tennessee Rules of Criminal Procedure. Rule

12.1 requires that, upon the request of the State, the defendant must provide notice of an alibi defense that includes (1) the specific place the defendant claims to have been at the time of the offense, and (2) the name and address of each alibi witness. Tenn. R. Crim. P. 12.1(a). However, the Petitioner has failed to prove his factual allegations regarding this issue by clear and convincing evidence. The Petitioner never established that the State requested an alibi notice, and therefore, counsel was not deficient for failing to file the notice of an alibi. Tenn. R. Crim. P. 12.1 (a)(1). Furthermore, the Petitioner failed to establish that any of the witnesses would testify favorably for him as "alibi" witnesses. Additionally, the Petitioner never alleged that the victim was not home in his written statement to police regarding the night of the offenses. The Petitioner also testified at trial that "there was nothing out of the ordinary" about the night of the offenses and that "all of the kids went to bed as usual," further affirming that the victim was at home. Therefore, this claim is without merit.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE